1

KIMMEL & SILVERMAN, P.C.

2

Joseph D. Steward, III (337385)

3

1055 West 7th Street, 33rd Floor
Los Angeles, CA 90017

4

Telephone: 215-540-8888 x 134
Facsimile: 215-540-8817

5

jsteward@creditlaw.com

6

Craig T. Kimmel (*pro hac vice* anticipated)

7

Jacob U. Ginsburg (*pro hac vice* anticipated)
30 E. Butler Ave.

8

Ambler, PA 19002

9

kimmel@creditlaw.com
jginsburg@creditlaw.com

10

teamkimmel@creditlaw.com

11

Attorneys for Plaintiff

12

**UNITED STATES DISTRICT COURT**

13

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

14

**JASON CARRODINE** *on behalf of* **)**

15

*himself and all others similarly situated* **)**     **Case No.: 2:22-at-140**
**)**

16

*Plaintiff,*                 **)**
**)**

17

**v.**                    **)**     **CLASS ACTION COMPLAINT**
**)**     **AND DEMAND FOR JURY**

18

**)**     **TRIAL**
**PACIFIC GREEN ENERGY, LLC**   **)**

19

**d/b/a APRICOT SOLAR,**        **)**
**)**

20

*Defendants.*             **)**
**)**

21

_____ **)**

22

**COMPLAINT**

23

24

        Plaintiff, Jason Carrodine ("Plaintiff", "Mr. Carrodine" or "Carrodine)",

25

individually, and on behalf of all others similarly situated, and demanding a trial

- 1 -

by jury, brings this action against Defendant Pacific Green Energy, LLC d/b/a Apricot Solar ("Defendant" or "Apricot") for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*.  In support of this Complaint, Plaintiff, individually, and on behalf of all others similarly situated asserts as follows:

## BACKGROUND:
## TELEMARKETING AND THE TCPA

1.      In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

2.      The TCPA also affords special protections for people who registered their phone numbers on the National Do Not Call Registry and nonetheless received telemarketing calls for which they did not expressly consent..

3.      In 2019, the FTC received over 5.4 million complaints from US residents about unwanted calls. FTC: *What Do Not Call Complaints are telling* us (Oct. 17, 2019), *available* at: https://www.consumer.ftc.gov/blog/2019/10/what-do-not-call-complaints-are-telling-us.

COMPLAINT

4.    The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, (March 28, 2019) available at: https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

## THE PARTIES

5.    Plaintiff and putative class-representative, Jason Carrodine is a natural person and adult, who at all times relevant hereto, resided in Las Vegas Nevada 89178.

6.    Defendant Apricot is a solar energy company which maintains its headquarters at 69 Lincoln Blvd, Suite A-181, Lincoln, California 95648.

7.    At all times relevant hereto, Apricot acted through its agents, employees, vendors and representatives.

8.    Plaintiff brings this Action in him individual capacity and on behalf of all other similarly situated seeking damages and any other available legal or equitable remedies resulting from the unlawful actions of Defendant, in

COMPLAINT

negligently, knowingly, and/or willfully contacting Plaintiff and other Class members on their cellular telephone in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 et seq. and related regulations specifically the National Do-Not-Call provisions.

## JURISDICTION AND VENUE

9.      This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

10.      Furthermore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), because this case is a class action where the aggregate claims of all members of the proposed Class are in the excess of $5,000,000.00, exclusive of interest and costs.

11.      This Court has personal jurisdiction over Defendant, as it maintains its headquarters in the State of California.

12.      Furthermore, Defendant's headquarters are within this District.

13.      Accordingly, personal jurisdiction exists and this venue is proper.

## FACTS PERTAINING TO PLAINTIFF

COMPLAINT

14.   At all times pertinent hereto, Plaintiff Jason Carrodine was the owner of a cellular phone, the number for which was 702-XXX-9862

15.   The aforementioned cell phone was used primarily for residential purposes.

16.   Plaintiff registered that phone number on the National Do Not Call Registry on or about October 2014.

17.   Plaintiff did so to obtain solitude from invasive and irritating solicitation calls.

18.   For purposes of background, Mr. Carrodine had solar panels installed on his roof in or around the spring of 2018.

19.   Those solar panels were installed by an acquaintance of Mr. Carrodine, whom Carrodine contacted directly.

20.   At no time before or after the solar panels were installed at his home did Carrodine consent for solar energy companies to solicit their products or services to him.

21.   At no point thereafter did Mr. Carrodine express interest in procuring solar panels to any third-party lead generator.

22.   Mr. Carrodine did not consent to being called by Apricot at any time prior to Apricot's campaign of invasive and irritating telemarketing calls.

COMPLAINT

23.     Apricot placed solicitation calls to Plaintiff without express written consent and no existing business relationship on instances including but not limited to:

- Sept. 4, 2020 at 9:27 am PST from (702) 403-1626;

- Sept. 4, 2020 at 11:41 am PST from (702) 332-8407;

- Sept. 8, 2020 at 10:29 am PST from (702) 956-8977;

- Sept. 8, 2020 at 10:35 am PST from (559) 314-1767;

- Sept. 8, 2020 at 4:12 pm PST from unidentified number; and

- Sept. 8, 2020 at 4:15 pm PST from unidentified number.

24.     Defendant's unsolicited telemarketing calls were in violation of the rights of Plaintiff and the putative class members to be free from intrusion upon their seclusion.

**Class Allegations**

25.     Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this lawsuit as a class action on behalf of themselves and all others similarly situated.  This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation. commonality, typicality, and adequacy of representation.

COMPLAINT

26.     Defendant lacks policies in place to assure that it has valid consent before sending messages or making telemarketing calls to solicit solar energy services.

27.     Accordingly, Defendant placed a high volume of calls to cellular phones without valid consent of the called party.

28.     Furthermore, Defendant lacks policies in place to assure it has valid consent or a pre-existing business relationship with a party of majority age before making telemarketing calls or text messages.

29.     Defendant also lacks policies in place to assure that numbers that receive telemarketing calls were not registered on the Do Not Call Registry.

30.     Plaintiff seeks to represent the following classes:

> **Do Not Call Registry Class:**  For the period from four years prior to the filing of this suit until the date a class is certified, all persons in the United States who: (1) subscribe to cellular telephones; (2) received more than one telephone call or text message from Defendant (or someone acting on its behalf) on that phone during a 12-month period; (3) whose phone numbers were listed on the Do Not Call Registry for more than 31 days at the time the calls were received.

31.     Plaintiff reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

32.     The members of the proposed classes are so numerous that joinder of all members is impracticable.   Plaintiff reasonably believes that hundreds or

COMPLAINT

thousands of people have been harmed by Defendant's actions.  The names and phone numbers of the numbers of the proposed class are readily identifiable through records available to Defendant.

33.     Most members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

34.     Upon information and belief, Defendants have called or sent text messages and continue to call and send text messages to individuals whose numbers are registered on the National Do Not Call Registry.  It is reasonable to expect that Defendants will continue to make such calls and text messages absent this lawsuit.

35.     Upon information and belief, Defendants have and continue to place telemarketing calls and text messages without first obtaining a registration certificate from the Office of the Secretary of State.  It is reasonable to expect that Defendants will continue to make such calls or text messages absent this lawsuit.

36.     Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members.  The questions of law and fact common to the proposed class include, but are not limited to, whether Defendants called or text messaged phone numbers

COMPLAINT

that were registered on the Do Not Call Registry, whether such calls violate the TCPA.

37.     Plaintiff's claims are typical of the claims of the proposed class members because their claims arise from the same practice that gives rise to the claims of the members of the proposed class and is based on the same legal theories.

38.     Plaintiff and his counsel will fairly and adequately protect the interests of the members of the proposed class.  Plaintiff's interests do not conflict with the interests of the proposed class he seeks to represent.   Plaintiff has retained lawyers who are competent and experienced in class action, TCPA litigation and consumer law.  Plaintiff's counsel has the resources to litigate this class action, and Plaintiff and counsel are aware of their responsibilities to the putative members of the class and will discharge those duties.  Plaintiff reserve the right to join other unnamed class members into this lawsuit.

39.     A class action is superior to all individual lawsuits for this controversy.  Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible.  The size of the individual claims is likely not large enough to justify filing a separate action for each claim.  For many, if not most, members of the proposed class, a class action is the only procedural

COMPLAINT

mechanism that will allow recovery.  Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts.  Individual litigation could also result in inconsistent adjudications.

40.    In contrast to numerous individual claims, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

41.    Questions of law and fact, particularly the propriety of calling cell phone numbers registered on the National Do Not Call Registry, placing calls to people without first obtaining a registration certificate from the Office of the Secretary of State, predominate over questions affecting only individual members.

42.    Defendants have acted or refused to act in accordance with the relief sought by these classes, so final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

## Count I - Violations of the Telephone Consumer Protection Act
## 47 U.S.C. § 227(c)(5)
### *Do-Not-Call Claim*

43.    Plaintiff alleges by reference the allegations of the previous paragraphs as if fully stated in this Count.

44.    The TCPA provides that it is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receive more than one call on their cell phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

45.    The penalty for each call placed in violation of the TCPA's restrictions on calling cell phone numbers registered on the National Do Not Call Registry is $500 per call and up to $1,500 per call if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

46.    In addition, the TCPA allows the Court to enjoin Defendants' violations of the TCPA's regulations prohibiting calls to cell phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. §§ 227(c)(5)(A).

47.    By sending text messages to the cell phones of Plaintiff and the putative class members after their numbers were registered on the National Do Not Call Registry, Defendants violated the TCPA, including, but not limited to, 47 U.S.C. §§ 227(c)(5) and the TCPA's corresponding regulations.

48.    Defendant knew or should have known that Plaintiff and the putative class members had their numbers registered on the Do Not Call Registry.

49.    Defendant did not obtain valid express written consent from the called parties.

COMPLAINT

50. Defendant did not have a legally recognizable existing business relationship with the called parties.

51. Plaintiff and the putative class members are entitled to damages of $500.00 per violation for each text message sent by Defendants and up to $1,500.00 per violation if the Court finds that Defendants willfully violated the TCPA.

## Demand for Judgment

WHEREFORE Plaintiff Jason Carrodine individually and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant Apricot, pursuant to Federal Rule of Civil Procedure 23 *et seq*., certifying this action as a class action and appointing Plaintiff as the class representatives;

b. Enter an order appointing Kimmel & Silverman as counsel for the class;

c. Enter judgment in favor of Plaintiff and the putative class for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if Defendant willfully violated section 227(c)(5) of the TCPA;

d. Enter a judgment in favor of Plaintiff and the putative class that enjoins Defendant from violating the TCPA's regulations prohibiting Defendants from calling numbers registered on the National Do Not Call Registry;

e. Award Plaintiff and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and administration; and

f. Award Plaintiff and the class such further and other relief the Court deems just and appropriate.

- 12 -

COMPLAINT

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff JASON CARRODINE and all others similarly situated demand a jury trial in this case.


Respectfully submitted,

Kimmel & Silverman, P.C.

Dated: February 1, 2022     By: */s/ Joseph D. Steward, III*
                                  Joseph D. Steward, III, Esq.
                                  1055 West 7th Street, 33rd Floor
                                  Los Angeles, CA 90017
                                  Phone: (213) 340-7770
                                  Facsimile: (215) 540-8817
                                  Email: jsteward@creditlaw.com


                                  */s/ Craig T. Kimmel*
                                  Craig T. Kimmel, Esq.
                                  *Pro hac vice* anticipated
                                  */s/ Jacob U. Ginsburg*
                                  Jacob U. Ginsburg Esq.
                                  *Pro hac vice* anticipated
                                  30 E. Butler Ave.
                                  Ambler, PA 19002
                                  (215) 540-8888 ext. 104
                                  kimmel@creditlaw.com
                                  jginsburg@creditlaw.com
                                  teamkimmel@creditlaw.com

                                  *Attorneys for Plaintiff and putative class-representative, Jason Carrodine*

- 13 -

COMPLAINT