Joseph D. Steward, III Esq. (337385)
Kimmel & Silverman, P.C.
1055 West 7th Street, 33rd Floor
Los Angeles, CA 90017
Phone: (215) 540-8888
teamkimmel@creditlaw.com

Craig T. Kimmel, Esq. (phv)
30 E. Butler Ave.
Ambler, PA 19002
kimmel@creditlaw.com
*Attorneys for Plaintiff*

R. David Bolls III (187984)
Leigh Law Group, P.C.
870 Market Street, Ste 1157
San Francisco, CA 94102
dbolls@lehighlawgroup.com
*Attorney for Defendant*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CARRODINE, *on behalf of himself and all others similarly situated*  )<br>)<br>)<br>Plaintiff,  )<br>)<br>v  )<br>)<br>PACIFIC GREEN ENERGY, LLC d/b/a APRICOT SOLAR  )<br>)<br>Defendant.  )<br>)<br>) | C. A. No.: 2:22-cv-00233 JAM-KJN<br><br>**JOINT STATUS REPORT**<br><br>Judge: Hon. John A. Mendez |

Plaintiff, Jason Carrodine ("Plaintiff") and Defendant, Pacific Green Energy, LLC d/b/a Apricot Solar ("Defendant") jointly submit this report in accordance with Rule 26(f) of the Federal Rules of Civil Procedure.

a. **Nature of the Case**

Plaintiff:

This is a Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq*. class-action in which Plaintiff seeks to represent similarly situated individuals. Plaintiffs received telemarketing calls from Defendant or someone acting on Defendant's behalf. Plaintiffs did not consent to receive such calls, nor did they have any interest in receiving calls about Defendant's service. Defendant's calls violated 47 U.S.C. § 227(c) as the calls were placed to phone numbers registered on the National Do Not Call Registry.

Defendant:

Plaintiff filed an action seeking class certification and claiming that the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq*. applies and Plaintiff seeks to represent alleged similarly situated individuals. Plaintiff alleges that he received telemarketing calls from Defendant or someone acting on Defendant's behalf. Plaintiff alleges that he did not consent to receive such calls and further alleges that did he not have any interest in receiving calls about Defendant's service. Plaintiff alleges that Defendant's calls violated 47 U.S.C. § 227(c) claiming the calls were placed to phone numbers registered on the National Do Not Call Registry. Defendant generally denies all Plaintiff's claims and will further challenge this action as not qualifying for class certification.

b. **Status of Service of Process on Parties not yet Served**

All named parties have been served.

c. **Possible Joinder of Additional Parties**

The parties do not anticipate any additional parties being added at this time, but reserve the right to add and/or join parties as warranted in the course of litigation.

### d. Anticipated Amendment of Pleadings

Plaintiff does not anticipate any amendments to pleadings in this matter. Defendant is still gathering facts and discovery has not commenced and therefore may seek leave of this court to amend its pleadings, if necessary.

### e. Jurisdiction and Venue

Jurisdiction of this Court arises under 28 U.S.C. §1331. This Court has subject matter Jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), because this case is a class action where the aggregate claims of all members of the proposed Class are in the excess of $5,000,000.00, exclusive of interest and costs. This Court has personal jurisdiction over Defendant, as it maintains an office in the State of California.

### f. Anticipated Motions and Suggested Dates

Plaintiff anticipates filing a motion for class certification. Defendant anticipates filing a motion to dismiss this entire action and/or a motion for summary adjudication or summary judgment.

### g. Anticipated and Outstanding Discovery

Plaintiff and the class intend to propound written discovery, including interrogatories, production requests and requests for admission. Plaintiff and the class also anticipate taking the deposition of Defendant's 30(b)(6) representative. Plaintiff and the class do not feel any limitations are necessary on discovery however do feel that discovery should be conducted in phases.

Defendant intends to propound written discovery, including interrogatories, production requests and requests for admission. Defendant also anticipates taking the deposition of Plaintiff. Defendant believes that discovery should be conducted in phases since Defendant believes the results of discovery will demonstrate that

the Plaintiff's case has no merit and/or will demonstrate that the matter is not qualified for class certification.

h. **Proposed Discovery Plan**

| Event | Deadline |
|---|---|
| Rule 26(a) Disclosures | July 15, 2022 |
| Deadline to amend pleadings and join parties | September 30, 2022 |
| Written discovery and non-expert depositions | April 14, 2023 |
| Date by which Plaintiff must move for class certification | August 18, 2023 |
| Date by which Defendant must file its opposition to class certification | Within 28 days of Plaintiff filing his motion |
| Date by which Plaintiff must file his reply brief in support of class certification | Within 14 days of Defendant filing its opposition |
| Dispositive Motion Deadline | Within 60 days after the Court's ruling on class certification, or, if a class is certified, 15 days after the opt-out period closes. Defendant may file dispositive motions at any time. |
| Pretrial conference | To be determined after the Court rules on the propriety of class certification and dispositive motions. |
| Joint trial memorandum | To be determined after the Court rules on the propriety of class certification and dispositive motions. |
| Trial | To be determined after the Court rules on the propriety of class certification and dispositive motions. |

**i.  Appropriateness of Special Procedures**

No special procedures are appropriate or necessary in this case.

**j.      Estimate of Trial Time**

The parties estimate trial to take three to five days.

**k.  Modification of Standard Pretrial Procedures**

This case constitutes complex litigation because it is a class and representative action.  However, the Parties do not seek modification of standard pretrial procedures at this time, other than as proposed in this report.

**l.  Related Proceedings or Cases**

This case is not related to any other case or proceeding in this District.

**m. Prospects of Settlement and Need for Scheduling Conference**

Plaintiff believes the prospect of settlement will be maximized after this action reaches the post-certification stage.  However, Plaintiff proposes mediation sometime in **February 2023** if the case is not settled at that point.

**n. Other Matters**

The parties have no other matters to discuss with the Court at this time.

Date:  June 30, 2022            Kimmel & Silverman, P.C.

                                */s/ Joseph D. Steward III*
                                    Joseph D. Steward, III Esq.

- 5 -

Attorney for Plaintiff

Date: June 30, 2022        Leigh Law Group, P.C.

/s/ *R. David Bolls III*
R. David Bolls III, Esq.
Attorney for Defendant

**PROOF OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically served via email to the parties listed on the service list with the Court, and to the parties authorized to receive via this Court's CM/ECF system on this 30 day of June, 2022.

/s/ *Joseph D. Steward III*
Joseph D. Steward, III Esq.